UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
                                                                   :

BENNY SHIN,                                           :               17-CV-2234-ARR-JO
                                                                   :
              Plaintiff,                           :               <u>NOT FOR ELECTRONIC</u>
                                                                   :               <u>OR PRINT PUBLICATION</u>
     -against-                               :
                                                                   :               <u>OPINION & ORDER</u>

AMERICAN AIRLINES GROUP, INC.; AMERICAN              :
AIRLINES, INC.; ENVOY AIR, INC.; and AMERICAN   :
EAGLE AIRLINES, INC.,                                           :
                                                                   :
              Defendants.                         :
------------------------------------------------------------------- X

ROSS, United States District Judge:

On June 6, 2016, plaintiff Benny Shin was denied permission to board Flight 5715 from Dallas-Fort Worth to Corpus Christi, Texas. Am. Compl. ¶20, ECF No. 23. He alleges that airline employees prevented him from boarding the flight because of his race and brings various causes of action under federal and New York law. Before the court is defendants' motion to dismiss the complaint under Rule 12(b)(6).[1] This motion is granted. Specifically, plaintiff's Title VI claim is dismissed because he has not alleged any connection between federal funding and the alleged discrimination; his federal aviation law claim is dismissed because that statute provides no private right of action; his Section 1981 claim is dismissed because he fails to plead adequately discriminatory intent; his New York state law claims are dismissed because New York law does not apply to his claims; his fraud claim is not plead with sufficient particularly;

---

[1] See generally Mem. Law Supp. Defs. Am. Airlines Grp. Inc., Am. Airlines, Inc., Envoy Air Inc., & Am. Eagle Airlines, Inc.'s Mot. Dismiss Pl.'s Am. Compl. ("Defs.' Mem."), ECF No. 24-1; Mem. Law Opp'n Defs. Am. Airlines Grp., Inc., Am. Airlines, Inc., Envoy Air, Inc. & Am. Eagle Airlines, Inc. Mot. Dismiss ("Pl.'s Opp'n."), ECF No. 26; Reply Mem. Law Supp. Defs.' Mot. Dismiss Pl.'s Am. Compl. ("Defs.' Reply"), ECF No. 31.

and his contract claim is preempted by federal law.

## BACKGROUND

The following allegations, taken from the complaint, are taken as true for the purposes of this opinion. On June 6, 2016, plaintiff, who is Korean-American, traveled on Flight 1162 from New York's La Guardia Airport to Dallas-Fort Worth International Airport. Id. ¶¶ 15, 17. At Dallas-Fort Worth, plaintiff was denied permission to board Flight 5715 to Corpus Christie despite having a valid boarding pass. Id. ¶¶ 16, 19-20. Plaintiff alleges that he "was singled out for no reason" but that "[a]ll of the white passengers were allowed to board the flight and proceed to Corpus Christi." Id. ¶¶ 20, 22. Plaintiff was instead provided a ticket for a connecting flight the following day and a transportation voucher to return to the airport for that flight. Id. ¶¶ 24, 26.

On April 17, 2017, plaintiff filed his first complaint, alleging that "[f]or the mere fact that [he is] Korean American he was prohibited from boarding the flight," Compl. ¶ 25, ECF No. 1, and asserting causes of action for (1) discrimination by a recipient of federal funding; (2) discrimination by an airline; and (3) violations of New York law, id. ¶¶ 41-63. Defendants filed a pre motion letter seeking permission to bring a motion to dismiss. Letter from Mark Robertson (May 26, 2017), ECF No. 18. In response, plaintiff requested leave to amend the complaint. Letter from Jae Soog Lee (June 27, 2017), ECF No. 22. I granted this permission on the understanding that the amended complaint would be his "last and best." Order (June 28, 2017). The amended complaint was filed on July 10, 2017, and added a civil rights claim under 42 U.S.C. § 1981 and common law claims for misrepresentation, breach of contract, and breach of the implied covenant of good faith and fair dealing. Am. Compl. ¶¶ 57-67, 81-100. Defendants subsequently brought the present motion to dismiss the amended complaint.

**DISCUSSION**

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and must also draw all reasonable inferences in favor of the plaintiff. Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 113 (2d Cir. 2013). The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Only "a plausible claim for relief survives a motion to dismiss." LaFaro v. N.Y. Cardiothoracic Grp., 570 F.3d 471, 476 (2d Cir. 2009). Thus, courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

### A. Title VI

Plaintiff's first cause of action alleges that defendants violated Title VI of the Civil Rights Act. See Am. Compl. ¶¶ 39-47. Defendants argue that this claim should be dismissed because plaintiff does not allege (1) that defendants received federal funding at the time of the alleged discrimination or (2) a connection between any federal funds received and the alleged discrimination. Defs.' Mem. at 4-6. In response, plaintiff "concedes to [d]ismiss without [p]rejudice" this cause of action. Pl.'s Opp'n at *7.

To state a claim for a violation of Title VI, a "plaintiff must allege that: (1) [defendant] received federal financial assistance, (2) [plaintiff] was an intended beneficiary of the program or activity receiving the assistance, and (3) [defendant] discriminated against [plaintiff] on the basis of race, color, or national origin <u>in connection with that program or activity</u>." Commodari v.

Long Is. Univ., 89 F. Supp. 2d 353, 378 (E.D.N.Y. 2000) (emphasis added), aff'd, 62 F. App'x 28 (2d Cir. 2003). "A claim under Title VI cannot proceed without th[e] requisite nexus" between a federally funded program or activity and the alleged discrimination. James v. Am. Airlines, Inc., -- F. Supp. 3d --, No. 16-CV-676 (PKC)(PK), 2017 WL 1208429, at *7 (E.D.N.Y. Mar. 31, 2017) (citing McCrudden v. E-Trade Fin. Corp., No. 13 Civ. 8837, 2014 WL 3952903, at *4 (S.D.N.Y. Aug. 12, 2014); Rojas v. Port Auth. of N.Y., No. 15-CV-6185 (NGG)(PK), 2016 WL 5921777, at *12 (E.D.N.Y. Oct. 11, 2016)).

Here, plaintiff fails to identify any federally funded program to support his claim. Unsurprisingly, he is therefore unable to draw a connection between an unidentified program and the alleged discrimination. Without such nexus, his Title VI claim fails and is dismissed with prejudice.

**B. Federal Aviation Law**

Plaintiff's second cause of action alleges a violation of 49 U.S.C. § 40127(a), which provides that air carriers "may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex, or ancestry." 49 U.S.C. § 40127(a). However, as district courts in this circuit have repeatedly held, "there is no private right of action under 49 U.S.C. § 40127(a); rather, the statute only grants the government authority to pursue violations of this provision." James, 2017 WL 1208429, at *7 (citing Mutlu v. Jetblue Airways Corp., No. 08 Civ. 4887 (LAP), 2009 U.S. Dist. LEXIS 60164, at *10-13 (S.D.N.Y. Mar. 31, 2009); Dennis v. Delta Airlines, Inc., No. 10-CV-973 (DLI)(LB), 2011 WL 4543487, at *5 (E.D.N.Y. Aug. 18, 2011)). Plaintiff points to no contrary authority. See Pl.'s Opp'n at *3; Defs.' Reply at 2 (distinguishing plaintiff's cases). Therefore, plaintiff's second cause of action is dismissed with prejudice.

4

**C. Section 1981**

"To state a discrimination claim under . . . § 1981, plaintiff[] must sufficiently allege that defendants acted with discriminatory intent." Burgis v. N.Y.C. Dep't of Sanitation, 798 F.3d 63, 68 (2d Cir. 2015). In the context of alleged discrimination against a passenger by an airline, a district court in this circuit recently explained that "a plaintiff 'must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent.'" Tejwani v. United Airlines, Inc., No. 08 Civ. 2966(SCR), 2009 WL 860064, at *3 (S.D.N.Y. Mar. 31, 2009) (quoting Yusuf v. Vassar Coll., 35 F.3d 709, 713 (2d Cir. 1994)).

Here, plaintiff alleges that, while waiting to board, he was "singled out" and not allowed to board the flight, while "[a]ll of the white passengers were allowed to board the flight and proceed to Corpus Christi." Am. Compl. ¶¶ 20, 22. Of course, a Section 1981 plaintiff may seek to draw an inference of discriminatory intent by pleading that "similarly situated patrons were given preferential treatment." See Lizardo v. Denny's Inc., 270 F.3d 94, 101 (2d Cir. 2001). However, "bare allegations" that minorities were treated differently than white individuals without "provid[ing] meaningful specifics" do not "give rise to an inference of unlawful discrimination." Burgis, 798 F.3d at 68-69 (upholding district court's dismissal where the complaint "generally allege[d] with respect to seven plaintiffs that they ha[d] been passed over for subsequent promotions while White individuals, who were allegedly less qualified, were promoted.").

Other than the bare allegation that whites were allowed to board the flight, the complaint is completely devoid of details suggesting intentional discrimination. For example, it does not allege that the "5-7 White passengers who were all standing behind the Plaintiff" but "allowed to

5

board the flight" were behind him in line to board, but rather generally alleges that they were "standing behind" him in the boarding area. See Am. Compl. ¶¶ 21-22. Nor does the complaint detail the communication plaintiff had with the airline employee who assigned him to a connecting flight the following day. See id. ¶ 24. There is no allegation that this individual uttered a derogatory remark, nor does the complaint allege whether an explanation was given by the airline for the change. "[W]ithout any reference to specific statements or individual circumstances that suggest discriminatory treatment, plaintiff['s] allegations do not support a finding that defendants acted with a discriminatory purpose. For all that one can tell from the [Amended Complaint], it is equally possible that plaintiff[ was removed from the flight] for valid, non-discriminatory reasons," such as an overbooked flight. See Burgis, 798 F.3d at 69; see also Iqbal, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" (quoting Twombly, 550 U.S. at 557)). Therefore, plaintiff's Section 1981 claim is dismissed with prejudice.

### D. New York State Law

Plaintiff's fourth cause of action is based on the New York State Human Rights Law ("NYSHRL"). Am. Compl. ¶¶ 68-72.[2] However, the NYSHRL "does not provide a private cause of action to New York residents discriminated against outside of New York by foreign corporations." Harte v. Woods Hole Oceanographic Inst., 495 F. App'x 171, 172 (2d Cir. 2012) (quoting Sorrentino v. Citicorp, 302 A.D.2d 240, 240 (N.Y. App. Div. 2003)); see also Curto v. Med. World Commc'ns Inc., 388 F. Supp. 2d 101, 106 (E.D.N.Y. 2005) ("It is well settled that NYSHRL does not provide a cause of action to a New York resident for discriminatory acts

---

[2] The NYSHRL is encoded at N.Y. Exec. Law § 296 et seq.

6

committed outside of New York by a foreign corporation."). Here, plaintiff alleges that defendants are foreign corporations, Am. Compl. ¶¶ 8-11, and that the alleged discrimination occurred in Texas, id. ¶¶ 16-20. Therefore, his NYSHRL claim is dismissed with prejudice.

Plaintiff's fifth cause of action arises under the New York Civil Rights Law ("NYCRL"). Am. Compl. ¶¶ 73-80.[3] This statute does not cover discrimination outside of New York by a foreign corporation. See N.Y. Civ. Rights Law §§ 40, 40-c (limiting their provisions to "all persons within the jurisdiction of the state"); Helander v. Patrick, No. 77 Civ. 2401 (MJL), 1984 WL 224, at *6 (S.D.N.Y. April 19, 1984) (dismissing claims under NYCRL because "none of the defendants . . . committed any acts concerning the plaintiff in the State of New York."). Plaintiff argues that he "suffered injuries that affect his life as a New York Resident." Pl.'s Opp'n at *5. In this case, however, the relevant inquiry for the purpose of determining whether New York has jurisdiction is "the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 209 (2d Cir. 2001) (quoting Mareno v. Rowe, 910 F.2d 1043, 1046 (2d Cir. 1990)). Here, the event that caused the alleged injury occurred in Texas; thus, the NYCRL does not apply.

E. **Common Law Misrepresentation**

Plaintiff's sixth cause of action alleges common law misrepresentation. Am. Compl. ¶¶ 81-90. Federal Rule of Civil Procedure 9(b) requires misrepresentation claims to be pled with particularity. The Second Circuit has "explained that in order to comply with Rule 9(b), 'the

---

[3] Neither the complaint nor plaintiff's opposition clearly identifies which section of the NYCRL plaintiff relies on. However, Sections 40 and 40-c provide equal rights in places of public accommodation and prohibit discrimination, respectively, and I assume that plaintiff intends to refer to these sections. See N.Y. Civ. Rights Law §§ 40, 40-c.

complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006) (quoting Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993)). Plaintiff fails to identify what statements were allegedly fraudulent, the speaker, where or when the statements were made, or why they were fraudulent. Therefore, his misrepresentation claim is dismissed with prejudice.

F. **Breach of Contract**

Plaintiff's seventh cause of action alleges a breach of "implied promises that [p]laintiff would . . . not [be] discriminated against." Am. Compl. ¶ 93. Defendants argue that this claim is preempted by the Airline Deregulation Act, 49 U.S.C. § 40101, et seq. ("ADA"). Defs.' Mem. at 13-18. Plaintiff does not address this argument.

The ADA's preemption provision provides that "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier. . . ." 49 U.S.C. § 41713(b)(1). Common law causes of action "related to a price, route, or service" are preempted. Northwest, Inc. v. Ginsberg, 134 S.Ct. 1422, 1429 (2014) ("[S]tate common-law rules fall comfortably within the language of the ADA pre-emption provision."). A claim is "related to a price, route, or service" "if it has 'a connection with, or reference to, airline' prices, routes, or services. . . ." Id. at 1430 (quoting Morales v. Trans World Airlines, Inc., 504 U.S. 374, 384 (1992)).

Preemption of contract claims under the ADA turns on whether the obligation breached was imposed by the state or voluntarily undertaken by the airline. The ADA does not "shelter airlines from suits alleging no violation of state-imposed obligations, but seeking recovery solely

8

for the airline's alleged breach of its own, self-imposed undertakings." Am. Airlines, Inc. v. Wolens, 513 U.S. 219, 228 (1995). Plaintiff's implied covenant claim is preempted only if it is "based on a state-imposed obligation." See Ginsberg, 134 S.Ct. at 1431. "When the law of a State does not authorize parties to free themselves from the covenant, a breach of contract claim is pre-empted under the reasoning of Wolens." Id. at 1432. New York law does not allow parties to contract out of the implied covenant for good faith and fair dealing.[4] See id. at 1432 n.2 (citing Chase Manhattan Bank, N.A. v. Keystone Distribs., Inc., 873 F. Supp. 808, 815 (S.D.N.Y. 1994)). Therefore, his implied breach of contract claim is preempted.

Plaintiff also brings a claim for a breach of an "express" promise that he would not be discriminated against. Am. Compl. ¶ 93. "Although a plaintiff need not attach a copy of the contract to the complaint or plead the contract's terms verbatim, the complaint must at minimum set forth the terms of the agreement upon which liability is predicated. . . ." Yantha v. Omni Childhood Ctr., Inc., No. 13-CV-1948(ARR)(JMA), 2013 WL 5327516, at *12 (E.D.N.Y. Sept. 20, 2013) (quoting Castorino v. Citibank, N.A., No. 07 Civ. 10606(PAC), 2008 WL 5114482, at *2 (S.D.N.Y. Dec. 5, 2008)). Plaintiff alleges that a "Contract of Carrier" exists between the parties, Am. Compl. ¶ 92, but fails to identify any of its terms upon which its liability is predicated. His express breach of contract claim is thus not sufficiently pled.

---

[4] Plaintiff identifies no authority establishing an implied covenant against discrimination, apart from the New York statutory claims already dismissed above. I therefore assume plaintiff's contract claim arises from the implied covenant for good faith and fair dealing.

## CONCLUSION

For all of these reasons, plaintiff's complaint is dismissed with prejudice. The Clerk of Court is requested to enter judgment in favor of defendants and close the case.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated: August 3, 2017
Brooklyn, New York